**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSE CONRADO PEREZ,<br>Plaintiff,<br>v.<br>DARAM VASUKI,<br>Defendant. | No. 2:26-cv-2647-DMC-P<br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion for the appointment of counsel. See ECF No. 3.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive, and both must be viewed together before reaching a decision. See id. In Terrell, the

Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim. The facts he alleged and the issues he raised were not of substantial complexity. The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.
>
> Id. at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances. Plaintiff argues that appointment of counsel is necessary because he is indigent, uneducated in the law, and incarcerated. See ECF No. 3, pg. 1. The Court finds that Plaintiff has not demonstrated the existence of exceptional circumstances. Incarceration, indigency, and lack of legal education are common circumstances to prisoners pursuing litigation in federal court and are not exceptional. Further, a review of the complaint reflects that Plaintiff is able to sufficiently articulate his claims on his own, and the claims presented in this case are not complex factually or legally. Finally, at this stage of the proceedings before any defendant has been served or any discovery conducted, the Court cannot say that Plaintiff has demonstrated any particular likelihood of success on the merits.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for the appointment of counsel, ECF No. 3, is denied.

Dated: August 20, 2026

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE